Mike Arias, Esq. (CSB #115385)
 mike@aswtlawyers.com
Alfredo Torrijos, Esq. (CSB #222458)
 alfredo@aswtlawyers.com
Craig S. Momita, Esq. (CSB #163347)
 craig@aswtlawyers.com
**ARIAS, SANGUINETTI, WANG**
**& TORRIJOS, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone:  (310) 844-9696
Facsimile:   (310) 861-0168

Attorneys Plaintiff Jimmie Johnson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE JOHNSON, individually, | CASE NO. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| vs. | 1. UNLAWFUL NON-PAYMENT OF OVERTIME COMPENSATION (LAB. CODE §§ 200, 202, 203, 226, 500, 510, 558, 1194, 1198; TITLE 8 CAL. CODE REGS. § 11070; *Sav-On Drug Stores Inc. v. Superior Court* (2004) 34 Cal.4th 319); |
| DOLLAR TREE STORES, INC., a Virginia Corporation, | |
| Defendant. | 2. FAILURE TO COMPENSATE FOR ALL HOURS WORKED (LAB. CODE §§ 200, 226, 500, 510, 1194, 1198; TITLE 8 CAL. CODE OF REG., §11070); |
| | 3. UNFAIR BUSINESS ACTS AND PRACTICES (BUS. & PROF. CODE §§ 17200, ET SEQ.); |
| | 4. FAILURE TO PAY WAGES UPON DISCHARGE (LAB. CODE §§ 201, 203); |
| | 5. FAILURE TO PROVIDE MEAL BREAKS (LAB. CODE §§ 226.7, 512); |
| | 6. FAILURE TO PROVIDE REST BREAKS (LAB. CODE § 226.7); AND; |
| | 7. FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (Labor |

1

Code §§ 226, 226.3, 558, et seq., 1174).

*Faria, et al*. complaint Filed:     August 1, 2017

COMES NOW PLAINTIFF JIMMIE JOHNSON, individually, and complains and alleges as follows:

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

1.     Plaintiff JIMMIE JOHNSON (hereinafter "Plaintiff") is an individual employed or previously employed by Defendant Dollar Tree Stores, Inc. in the State of California.

2.     Plaintiff is informed and believes, and based thereon alleges, that Defendant DOLLAR TREE STORES, INC. (hereinafter "Defendant") is a corporation duly organized under the laws of the State of Virginia, and is duly qualified under the laws of the State of California to conduct business within the State of California and conducts business within the State of California.

3.     Plaintiff is authorized to bring this action pursuant to California Labor Code §§ 1194, 226, 203 and pursuant to the power vested in Plaintiff to enforce the provisions of the California Labor Code and the Industrial Welfare Commission (hereinafter "IWC") orders.

4.     At all times herein mentioned, Defendant was subject to the Labor Codes of the State of California, and to the existing and applicable Industrial Welfare Commission Order 7 (Title 8, California Code of Regulations § 11070).

5.     Plaintiff is seeking damages for the Labor Code violations for the past three years prior to the filing of the original *Faria* complaint pursuant to Cal. Code. of Civ. Proc. §338(a), and Judge John A. Kronstadt's February 15, 2018 Order Re Defendant's Motion to Sever Parties and Claims and to Transfer.

6.     As for the fourth year prior to the filing of the original *Faria* complaint, and pursuant to Judge John A. Kronstadt's February 15, 2018 Order Re Defendant's

Motion to Sever Parties and Claims and to Transfer, Plaintiff would be entitled to restitution and/or back pay pursuant to Business and Professions Code § 17200 and *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178.

7.    Plaintiff has incurred, and during the pendency of this action will continue to incur, expenses for attorney's fees and costs herein.  Plaintiff requests that the court award attorney's fees and costs in an amount according to proof pursuant to California Labor Code §1194(a).

## FIRST CAUSE OF ACTION
## UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION
### Brought by Plaintiff against Defendant
### (Labor Code §§ 200, 226, 510, 558, 1194; Title 8 Cal. Code of Reg., § 11070)

8.    Plaintiff refers to and incorporates all of the paragraphs of the complaint as though fully set forth herein.

9.    Title 8 of California Code of Regulations § 11070, which applies to the grocery retail industry in which Defendant is engaged, and in particular, subparagraph 3(A), requires Defendant to pay to each employee who works in a non-administrative capacity and who works more than forty (40) hours in a workweek, overtime compensation of one and one-half (1 ½) times such employee's regular rate of pay for all hours worked in excess of forty (40) hours.

10.    Title 8 of California Code of Regulations § 11070, subparagraph 1(A)(1), defines an employee employed in administrative, executive or professional capacity as an employee engaged in work which is primarily, that is more than one-half of the employee's work time, intellectual, managerial, or creative, and which requires the exercise of discretion and independent judgment.

11.    Within four (4) years of the filing of the class action complaint in the matter captioned *Patton, et al. v. Dollar Tree Stores, Inc.*, U.S. District Court, Central District of California Case No. CV 15-3813-MWF (PJWx) filed on April 2, 2015 (class cert denied on February 7, 2017), and/or earlier dates based on other

class action cases alleging the same misclassification and unpaid overtime claims/causes of action as alleged herein against Defendant and also brought on behalf of Defendant's store managers, or district managers, which have been filed and are to be discovered, Plaintiff was employed by Defendant in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of Regulations § 11070, though said job title was that of store manager, district manager or similar title.

12.     Within four (4) years of the filing of the class action complaint in the matter captioned *Patton, et al. v. Dollar Tree Stores, Inc*., U.S. District Court, Central District of California Case No. CV 15-3813-MWF (PJWx) filed on April 2, 2015 (class cert denied on February 7, 2017), and/or earlier dates based on other class action cases alleging the same misclassification and unpaid overtime claims/causes of action as alleged herein against Defendant and also brought on behalf of Defendant's store managers, or district managers, which have been filed and are to be discovered, Plaintiff worked more than forty (40) hours per workweek. Plaintiff was employed by Defendant in a non-administrative, executive or professional capacity, as defined by Title 8 California Code of Regulations § 11070, and was required to work and did work over forty hours per workweek. Plaintiff spent or presently spends more than 50% of his/her time in activities not directly or closely related to managerial duties. Plaintiff was required to run the cash register as a store clerk, bag groceries, stock shelves with freight, receive inventory, unload trucks, break down loads, build merchandise displays and end caps, set planograms, do store recovery, pick up go-backs, drive and make bank deposits, order inventory, receive vendors, front and face shelving stock, count out of stocks, clean and scrub the store and bathrooms, perform bookkeeping, complete price changes, work re-sets and grand openings, deliver and pick-up merchandise product, and perform other duties that are duties of an hourly store clerk and that are not intellectual,

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

managerial, or creative, and which do not require the exercise of discretion and independent judgment.

13.   Within four (4) years of April 2, 2015, or an earlier date(s) based on other class actions which were filed and are to be discovered, until the present, pursuant to Industrial Welfare Commission Order 7-98, Title 8 California Code of Regulations § 11070, and Labor Code §§ 200, 226, 510, 558 and 1198, Defendant was required to pay Plaintiff overtime compensation, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) hours per week; and, for the first eight (8) hours on the seventh consecutive day of any work week.

14.   Within four (4) years of April 2, 2015, or an earlier date(s) based on other class actions which were filed and are to be discovered, until the present, pursuant to Industrial Welfare Commission Order 7-2000, Title 8 California Code of Regulations § 11070, and Labor Code §§ 200, 226, 500, 510, 558, 1194 and 1198, Defendant was required to pay Plaintiff overtime compensation, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week; and, for the first eight (8) hours on the seventh consecutive day of any work week, with double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh consecutive day of any work week.

15.   Plaintiff was a non-exempt employee entitled to the protections of Industrial Welfare Commission Orders 7-98 and 7-2000, Title 8 of the California Code of Regulations § 11070, and California Labor Code §§ 200, 226, 500, 510, 558, 1194, and 1198.  During the course of Plaintiff's employment, Defendant failed to compensate Plaintiff for overtime hours worked with premium overtime pay as required under the aforementioned labor regulations.

16.   Under the aforementioned wage orders, statutes, and regulations, Plaintiff is entitled to one and one half times and/or double his/her regular rate of

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

pay for overtime work performed during the four (4) years within April 2, 2015, or actually an earlier date(s) based on other class actions which were filed and are to be discovered, based on appropriate calculations of the total remuneration for each workweek, and the corresponding number of hours worked each day and/or workweek.

17.    As a pattern and in practice, in violation of the aforementioned labor laws and wage orders, Defendant did not maintain any records pertaining to the time Plaintiff began and ended each work period, meal period, the total daily hours worked, and the total hours worked per day and applicable rates of pay in violation of California Labor Code § 1174.

18.    Within four (4) years of the filing of the class action complaint in the matter captioned *Patton, et al. v. Dollar Tree Stores, Inc*., U.S. District Court, Central District of California Case No. CV 15-3813-MWF (PJWx) filed on April 2, 2015 (class cert denied on February 7, 2017), and/or earlier dates based on other class action cases alleging the same misclassification and unpaid overtime claims/causes of action as alleged herein against Defendant and also brought on behalf of Defendant's store managers, or district managers, which have been filed and are to be discovered, Defendant failed to pay Plaintiff for all hours worked by not compensating Plaintiff for actual work performed.   Defendant established uniform company policies and practices, *inter alia*, where non-exempt employees were regularly scheduled to work and in fact worked overtime hours as improperly classified exempt employees and were not paid premium overtime pay as required by California law.  Thus, Defendant did not accurately record hours worked, failed to properly itemize wages, and committed other wrongs to be discovered.

19.    In violation of California law, Defendant has knowingly and willfully refused to perform its obligation to compensate Plaintiff for all wages earned and all hours worked.  As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligations under California law.  Plaintiff is entitled to recover nominal, actual, and compensatory damages.  Said amount will be determined according to proof at trial, but said amount is in excess of the Court's jurisdiction requirement.

20.    In *Reynolds v. Bement*, the court held: "In addition to the foregoing avenues for the recovery of wages, … the employee may seek certain civil penalties when the employee is not paid statutorily guaranteed wages. (See, e.g., §§… 558 [penalty for violating chapter or IWC order].)…" *Reynolds v. Bement*, (2005) 36 Cal 4th 1075.

21.    Labor Code § 558 mandates a penalty for violation of Labor Code § 510, among other things.  Labor Code § 558 mandates a penalty be assessed against any employer who violates, or causes to be violated, a section of the chapter starting with Labor Code §§ 500, et seq. or any provision regulating hours and days of work of any order of the Industrial Welfare Commission in the amount of $50 for the first pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages; and, for each subsequent violation in the amount of $100 for each pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages.  The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

22.    As alleged above, Defendant failed to comply with Labor Code § 510 by failing to pay the overtime premium rate to Plaintiff.  Plaintiff is therefore entitled to penalties under Labor Code § 558 for each and every pay period that Defendant violated Labor Code § 510.  These penalties in an amount according to proof at trial are owed.

23.    As Defendant's conduct alleged herein violates Labor Code §§ 200, 226, 500, 510, 558, 1194, and 1198, Plaintiff is entitled to recover the unpaid

COMPLAINT AND DEMAND FOR JURY TRIAL

balance of overtime compensation, plus interest, penalties, attorney's fees, expenses, and costs of suit pursuant to Labor Code § 1194

24.    Plaintiff seeks interest pursuant to Labor Code § 218.6.  That code states that in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in  subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages were due and payable[.]"  Plaintiff is entitled to said interest.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**FAILURE TO COMPENSATE FOR ALL HOURS WORKED**</u>

**Brought by Plaintiff against Defendant**

**(Labor Code §§ 200, 226, 500, 510, 1194, 1198; Title 8 Cal. Code of Reg., §11070)**

25.    Plaintiff refers to and incorporates all of the paragraphs of the complaint as though fully set forth herein.

26.    At all times relevant herein, Defendant was required to compensate its non-exempt employees for all hours worked pursuant to Industrial Welfare Commission Orders 7-90, 7-98, and 7-2000, Title 8 of California Code of Regulations § 11070, and Labor Code §§ 200, 226, 500, 510, 1194, and 1198.

27.    Within four (4) years of April 2, 2015, or actually an earlier date(s) based on other class actions which were filed and are to be discovered, Plaintiff was employed by Defendant in a non-administrative, executive or professional capacity as defined by Title 8 California Code of Regulations § 11070, though said job title was that of store manager, district manager or similar title.

28.    Within four (4) years of April 2, 2015, or actually an earlier date(s) based on other class actions which were filed and are to be discovered, Defendant failed to compensate Plaintiff for all hours worked by not compensating Plaintiff for actual work performed.  Defendant established policies, *inter alia*, where non-

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

exempt employees would work overtime hours as improperly classified exempt employees such that the employees were not paid for hours worked over 40, and were not paid premium overtime for said hours as required by California law.  As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Defendant did not maintain any records pertaining to the time Plaintiff began and ended each work period, meal period, the total daily hours worked, and the total hours worked per day and applicable rates of pay in violation of California Labor Code § 1174.

29.    Under the aforementioned wage orders, statutes, and regulations, Plaintiff is entitled to recover compensation for all hours worked, but not paid, during the relevant claim period, plus reasonable attorney's fees and costs, pursuant to Labor Code § 1194; and, penalties pursuant to Labor Code §§ 203, 226, and 558.

30.    In violation of California law, Defendant has knowingly and willfully refused to perform its obligation to compensate Plaintiff for all wages earned and all hours worked.  As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under California law.  Plaintiff is entitled to recover nominal, actual, and compensatory damages.  Said amount will be determined according to proof at trial, but said amount is in excess of the Court's jurisdiction requirement.  In *Reynolds v. Bement*, the court held: "In addition to the foregoing avenues for the recovery of wages, … the employee may seek certain civil penalties when the employee is not paid statutorily guaranteed wages. (See, e.g., §§… 558 [penalty for violating chapter or IWC order].)…" *Reynolds v. Bement*, (2005) 36 Cal 4th 1075.

31.    Labor Code § 558 mandates a penalty for violation of Labor Code § 510, among other things. Labor Code § 558 mandates a penalty be assessed against any employer who violates, or causes to be violated, a section of the chapter starting

9

with Labor Code §§ 500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission in the amount of $50 for the first pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages; and, for each subsequent violation the amount of $100 for each pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages.  The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

32.   As alleged above, Defendant failed to comply with Labor Code § 510 by failing to pay the overtime premium rate to Plaintiff.  Plaintiff is therefore entitled to penalties under Labor Code § 558 for each and every pay period that Defendant violated Labor Code § 510.  These penalties in an amount according to proof at trial are owed.

33.   As Defendant's conduct alleged herein violates Labor Code §§ 200, 226, 500, 510, 1194, and 1198, Plaintiff is entitled to recover the unpaid balance of overtime compensation, plus interest, penalties, attorney's fees, expenses, and costs of suit pursuant to Labor Code §§ 200, 201, 203, 510, 558, 1194 and 1198.

### THIRD CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**Brought by Plaintiff against Defendant**

**(Bus. and Prof. Code § 17200, et seq.)**

34.   Plaintiff refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

35.   Plaintiff is suing Defendant pursuant to Business and Professions Code § 17200 et seq., on behalf of himself/herself as an individual.

36.   By violating the statutes and regulations as alleged herein, Defendant's acts constitute unlawful business practices under California Business and Professions Code §§ 17200, *et. seq.*  Within four (4) years of April 2, 2015, or actually an earlier date(s) based on other class actions which were filed and are to be

COMPLAINT AND DEMAND FOR JURY TRIAL

discovered, until the present, Defendant violated and continue to violate the law, as expressed in Labor Code §§ 200, 201, 500, 510, 1194,1198; IWC 7 §§ 2, 3, 4, 7, 11, 12 (Title 8 Cal. Code of Reg. § 11070); and, Business & Professions Code §§ 17200, et seq., by failing to properly pay wages, properly pay overtime wages, provide meal periods, provide rest periods, failing to keep proper records, and other violations alleged herein.

37.    Defendant's violations of the statutes and regulations as alleged herein are business practices done repeatedly over a significant period of time throughout California, and is done in a systematic manner to the detriment of Plaintiff.

38.    The harm to Plaintiff outweighs any utility of Defendant's policies and practices, as alleged herein, and consequently constitute unfair business acts or practices within the meaning of Business and Professions Code §§ 17200 *et seq*. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

39.    As a direct and proximate result of the aforementioned acts by Defendant, Defendant wrongfully retained and continues to retain funds earned by Plaintiff, and profits obtained as a result of Defendant's unlawful and unfair business acts and practices, according to proof from Plaintiff.

40.    The unfair and unlawful business acts and practices described herein present a continuing threat to Plaintiff.  Plaintiff is informed and believes that Defendant has engaged in such practices over a number of years and has failed to indicate, in any way, that it plans to cease such activities any time in the future.

41.    Within four (4) years of April 2, 2015, or actually an earlier date(s) based on other class actions which were filed and are to be discovered, Plaintiff has suffered damages and request damages and/or restitution of all monies and profits to be disgorged from Defendant in an amount according to proof at time of trial, and that Defendant be ordered to disgorge all profits resulting from its unlawful and

_____

unfair business acts and practices, but in excess of the Court's jurisdiction requirement.

42.     Pursuant to Business and Professions Code §§ 17200 *et seq.*, and pursuant to the equitable powers of this court, Defendant should be preliminarily and permanently enjoined from its unfair and unlawful business acts and practices.

43.     Pursuant to Business and Professions Code §§ 17200 *et seq.*, and pursuant to the equitable powers of this court, Defendant should be ordered to restore to Plaintiff all funds Defendant retained by means of the unfair and unlawful business acts and practices alleged herein.

44.     Pursuant to Business and Professions Code §§ 17200 *et seq.*, and pursuant to the equitable powers of this court, Defendant should be ordered to disgorge all funds and profits Defendant obtained and retained by means of the unfair and unlawful business acts and practices alleged herein.

45.     Plaintiff also seek interest pursuant to Business & Professions Code § 17203; *Ballard v. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin v. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Code of Civil Procedure § 1032.

46.     Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages were due and payable[.]"  Plaintiff is entitled to said interest.

47.     In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to Labor Code §§ 1194.

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY WAGES UPON DISCHARGE
### Brought by Plaintiff against Defendant
### (Labor Code §§ 201, 203)

48.    Plaintiff refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

49.    Pursuant to Labor Code §§ 201 and 202, for Plaintiff who is a former employee of Defendant, upon his/her respective termination dates, Defendant was required to pay former employee Plaintiff all earned wages.  At the time of all former employee Plaintiff' respective termination dates, former employee Plaintiff had unpaid wages.  In violation of Labor Code § 201, Defendant failed to pay each former employee Plaintiff any of the amount of wages due and owing, in amounts to be established at the time of trial, but which are in excess of the Court's jurisdictional requirements.

50.    Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits.  This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed thirty (30) days.

51.    Defendant's failure to pay former employee Plaintiff the respective wages due and owing was willful.

52.    Courts have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an act which was required to be done.'… It does not mean that the employer's refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workers for wages which the employer knows to be due." *Road Sprinkler Fitters Local Union No. 669 v G & G Fire Sprinklers, Inc.* (2002) 102 Cal. App. 4th 765, 781.

53.    Plaintiff who was discharged by Defendant, or voluntarily quit, and did not have a written contract for employment.  The Defendant, in violation of Labor

13

Code §§ 201 et seq. had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment, or proof.  Plaintiff did not secret or absent himself/herself from Defendant nor refuse to accept the earned and unpaid wages from Defendant.  Defendant's willful failure to pay former employee Plaintiff the wages due and owing each of them constitutes violations of Labor Code §§ 201 and 203, which provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is each entitled to penalties pursuant to Labor Code § 203.

54.    Pursuant to Labor Code § 1194, Plaintiff is entitled to an award of reasonable attorneys' fees, expenses, and costs.

55.    In addition to the concerted and joint activities alleged elsewhere herein, Plaintiff is informed and believe, and based thereon allege, that each of the Defendant engage in the same practices and have adopted the same policies with regard to its wrongful acts against Plaintiff as alleged herein.

56.    Plaintiff has incurred, and during the pendency of this action will continue to incur, expenses for attorney's fees and costs herein.  Such attorney's fees and costs are necessary for the prosecution of this action.  Plaintiff requests that the court award attorney's fees in an amount according to proof pursuant to Labor Code §1194.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE MEAL BREAKS
### Brought by Plaintiff against Defendant
### (Labor Code §§ 226.7, 512)

57.    Plaintiff refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

58.    Labor Code § 512 and *IWC Wage Order* 7-2001(11)(A)-(B) require

14

that an employer provide its employees with a 30-minute meal break for every five-hour increment of time worked:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59. Labor Code § 226.7 further provides that for every meal break it fails to provide, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay for each meal period so missed:

> (a)  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

60. Plaintiff was never allowed to take meal breaks during Plaintiff's shifts.  Even if Defendant's Stores nominally permitted Plaintiff to take meal breaks, Plaintiff was unable to avail himself/herself of such breaks for various reasons, including but not limited to, the fact that his/her work was too voluminous and time-consuming to complete in eight hours.

61.   As a direct and proximate result of Defendant's unlawful failure to authorize, permit, and provide meal breaks as required by law, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

## SIXTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REST BREAKS
### Brought by Plaintiff against Defendant
### (Labor Code § 226.7)

62.   Plaintiff refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

63.   Subdivision 12(A) of 8 CAL. CODE REGS. § 11070 requires that an employer provide its employees with a 10-minute rest break for every four-hour increment of time worked.

64.   Labor Code § 226.7 and 8 CAL. CODE REGS. § 11070, Subdiv. 12(B), further require that for every workday in which it fails to provide a rest period during any four-hour increment, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

65.   Plaintiff was prevented from taking statutorily mandated rest breaks during his/her shifts.  They were unable to avail himself/herself of such breaks for various reasons, including but not limited to, the pressures from his/her workloads and from store management to take shorter breaks than they were entitled to, or none at all.  Defendant further failed to compensate Plaintiff for his/her missed rest breaks at his/her regular rate of pay.

66.   By virtue of Defendant's unlawful failure to authorize, permit, and provide rest breaks as required by law, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

_____

67.   Plaintiff was never allowed to take meal breaks during its shifts. Even if Defendant's Stores nominally permitted Plaintiff to take meal breaks, Plaintiff was unable to avail her or himself of such breaks for various reasons, including but not limited to, the fact that its work was too voluminous and time-consuming to complete in eight hours.

68.   As a direct and proximate result of Defendant's unlawful failure to authorize, permit, and provide meal breaks as required by law, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

## SEVENTH CAUSE OF ACTION

## FAILURE TO FURNISH WAGE AND HOUR STATEMENTS

### Brought by Plaintiff against Defendant

### (Labor Code §§ 226, 226.3, 558 et seq., 1174)

69.   Plaintiff refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

70.   During the period covered by this lawsuit DEFENDANT failed to provide the PLAINTIFF with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.

71.   Based on DEFENDANT'S conduct as alleged herein, DEFENDANT is liable for civil penalties pursuant to California Labor Code sections 226, 226.3, 558 and other applicable provisions of the employment law and Regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

### FIRST CAUSE OF ACTION

1.   That Defendant be ordered to pay Plaintiff all unpaid overtime

compensation pursuant to Labor Code §§ 1194 and 510 as alleged herein according to proof, plus penalties and interest;

2.    For penalties set forth in Labor Code § 558 for violations of § 510 in an amount according to proof;

3.    For interest pursuant to Labor Code § 218.6; and

4.    For reasonable attorney's fees as provided by Code of Civil Procedure §1021.5 and attorney's fees, interest, and costs of suit pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION

5.    That Defendant be ordered to pay Plaintiff for all hours worked, but for which Plaintiff was unpaid, according to proof; plus penalties and interest;

6.    For interest pursuant to Labor Code § 218.6; and

7.    For reasonable attorney's fees as provided by Code of Civil Procedure §1021.5 and attorney's fees, interest, and costs of suit pursuant to Labor Code § 1194.

## THIRD CAUSE OF ACTION

8.    For injunctive relief ordering Defendant to discontinue the unfair and unlawful practices as alleged herein;

9.    For reasonable attorney's fees as provided by Code of Civil Procedure §1021.5;

10.    That Defendant be ordered to restore to Plaintiff all funds Defendant retained by means of the unfair and unlawful business acts and practices alleged herein;

11.    For appointment of a receiver to receive, manage and distribute any and all funds disgorged from the Defendant determined to have been wrongfully acquired by Defendant as a result of violations of Business and Professions Code §§17200 et seq.;

12. That Defendant disgorge all profits in an amount according to proof at the time of trial.

13. For enforcement of the civil penalties imposed by the Labor Code pursuant to Business & Professions Code § 17202;

14. For interest pursuant to Business & Professions Code § 17203; *Ballard v. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin v. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

15. For interest pursuant to Labor Code § 218.6; and

16. For reasonable attorney's fees and costs as provided by Labor Code § 1194.

## FOURTH CAUSE OF ACTION

17. For statutory waiting time penalties under Labor Code § 203, according to proof for Plaintiff, plus interest thereon at the maximum legal rate accruing from the 31st day following the separation each such Plaintiff' employment from Defendant;

18. For interest pursuant to Labor Code § 218.6;

19. For reasonable attorney's fee, penalties, and costs pursuant to Labor Code §203, and 226; and

20. For reasonable attorney's fees and costs as provided by Labor Code § 2699(g).

## FIFTH CAUSE OF ACTION

21. For unpaid wages;

22. For all applicable penalties; and

23. For injunctive relief.

## SIXTH CAUSE OF ACTION

24. For all applicable penalties; and

25. For injunctive relief.

**SEVENTH CAUSE OF ACTION**

26.   For general damages, including interest, according to proof;

27.   For Plaintiff's costs incurred herein;

28.   For statutory damages as set forth in the applicable Labor Code sections;

29.   For all appropriate declaratory and equitable relief; and,

30.   For all such other relief as is just and necessary under the circumstances.

**ON ALL CAUSES OF ACTION**

31.   For penalties and interest as allowed by law;

32.   For costs of suit herein alleged; and

33.   For such other and further relief as the court deems just and proper.


Dated:  March 1, 2018                     **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**


                                          By: _____
                                          MIKE ARIAS
                                          ALFREDO TORRIJOS
                                          CRAIG S. MOMITA
                                          Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2
Plaintiff requests a jury trial for this action.

3

4
Dated:  March 1, 2018

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

5

6
By: _____

7
MIKE ARIAS
ALFREDO TORRIJOS
CRAIG S. MOMITA

8
Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL